```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| LAVERNE WARE, and<br>CATHERINE PANCZYKOWSKI,<br><br>                          Plaintiffs,<br>           v.<br><br>CITY OF LACKAWANNA,<br>NORMAN L. POLANSKI, JR., Mayor of<br> City of Lackawanna,<br>THOMAS N. LOVE, Commissioner of<br> Public Works,<br>CHUCK JAWORSKI, Council President,<br>GEOFFREY M. SZYMANSKI, City Councilman,<br>FRANCIS J. KULCZYK, City Councilman,<br>JOSEPH J. SCHIAVI, City Councilman, and<br>ARCANGELO J. PETRICCA, City Attorney,<br><br>                          Defendants. | **REPORT**<br>**and**<br>**RECOMMENDATION**<br><br>08-CV-00720A(F) |

APPEARANCES:        RICHARD H. WYSSLING, ESQ.
                                  Attorney for Plaintiffs
                                  375 Linwood Avenue
                                  Buffalo, New York  14209

                                  AUGELLO & MATTELIANO LLP
                                  Attorneys for Defendants
                                  JOSEPH A. MATTELIANO, of Counsel
                                  17 Court Street
                                  Suite 200
                                  Buffalo, New York 14202

## **JURISDICTION**

      This action was referred to the undersigned by Honorable Richard J. Arcara, on

October 27, 2008, for pretrial matters including report and recommendation on

dispositive motions. The matter is presently before the court on Defendants' motion to

dismiss (Doc. No. 4), filed October 20, 2008.

## BACKGROUND and FACTS[1]

Plaintiffs Laverne Ware ("Ware"), and Catherine Panczykowski ("Panczykowski") ("Panczykowski"), commenced this civil rights action on September 26, 2008, alleging violations of their First Amendment right and New York Civil Service Law § 107, based on Plaintiffs' termination of employment from positions with Defendant City of Lackawanna ("the City" or "Lackawanna") because Plaintiffs supported political opponents of certain of the individual Defendants. Other Defendants to this action include Lackawanna elected officials and employees Mayor Norman L. Polanski, Jr. ("the mayor" or "Polanski"), Commissioner of Public Works Thomas N. Love ("Love"), Lackawanna Council President Chuck Jaworski ("Jaworski"), City Councilmen Geoffrey M. Szymanski ("Szymanski"), Francis J. Kulczyk ("Kulczyk"), and Joseph J. Schiavi ("Schiavi"), and Lackawanna attorney Arcangelo J. Petricca ("Petricca") (together, "the City Official Defendants"), all of whom Plaintiffs' sue in their respective official capacities. Defendants' answer (Doc. No. 3), was filed on October 20, 2008.

Also filed on October 20, 2008, was Defendants' motion (Doc. No. 4) ("Defendants' motion") seeking dismissal of the Complaint for failure to state a claim against the City Official Defendants. Defendants' motion is supported by the attached Affirmation of Joseph A. Matteliano, Esq. ("Matteliano Affirmation"), the Affidavit of Arcangelo J. Petricca ("Petricca Affidavit"), with attached exhibits A and B ("Petricca Affidavit Exh(s). __"), and a Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defendants' Memorandum"). Although an order filed October 31, 2008 (Doc.

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

No. 7), directs Plaintiffs to respond to Defendants' motion by November 20, 2008, to date, Plaintiffs have filed nothing in response to the motion. Oral argument was deemed unnecessary.

Based on the following, Defendants' motion should be GRANTED.

## DISCUSSION

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

Here, Plaintiffs allege Defendants violated their civil rights under 42 U.S.C. § 1983, pursuant to which an individual may seek damages against any person who, under color of state law, subjects such individual to the deprivation of any rights, privileges, or immunities protected by the Constitution or laws of the United States. 42 U.S.C. § 1983. Plaintiffs' specific constitutional right infringed by Defendants' alleged

unlawful employment discrimination is the First Amendment right to free association. *Camacho v. Brandon*, 317 F.3d 153, 160 (2d Cir. 2003) ("Affiliating oneself with a political party or faction is [ ] protected by the First Amendment."); *Notaro v. Giambra*, 2005 WL 711875, *7 (W.D.N.Y. March 28, 2005) ("the failure to promote, transfer, or recall a low-level public employee after layoffs based on his or her political affiliation is an impermissible infringement on First Amendment rights.") (citing *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 76 (1990) (failure to hire based on political affiliation)).

Defendants argue in support of the motion that because a suit against a municipal officer in his official capacity is functionally equivalent to a suit against the municipal of which the defendant is an officer, Plaintiffs' claims against the City Official Defendants is redundant. Defendants' Memorandum at 2-3. As stated, Plaintiffs have not responded in opposition to this argument.

It is settled that "a suit against a municipal officer in his official capacity is functionally equivalent to a suit against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978))); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) ("a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . ."). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166.

In the instant case, it is clear that Plaintiffs are suing City Official Defendants in

their respective official capacities as employees or agents of the city of Lackawanna, which is functionally the equivalent of a suit against the City. As such, the claims against the City Official Defendants, *i.e.*, Polanski, Love, Jaworski, Szymanski, Kulczyk, Schiavi, and Petricca are redundant. *Baines v. Masiello*, 288 F.Supp.2d 376, 384 (W.D.N.Y. 2003) ("courts routinely dismiss official capacity claims against a legislative body as redundant or duplicative of claims against the municipality itself." (citing cases)). Accordingly, Defendants' motion should be GRANTED and the action dismissed as against Defendants Polanski, Love, Jaworski, Szymanski, Kulczyk, Schiavi, and Petricca, sued in their respective official capacities.

## **CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss the Complaint as against Defendants Polanski, Love, Jaworski, Szymanski, Kulczyk, Schiavi, and Petricca (Doc. No. 4) should be GRANTED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO  
UNITED STATES MAGISTRATE JUDGE

DATED:    September 29, 2009  
              Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 29, 2009
           Buffalo, New York