UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAVERNE WARE,
CATHERINE PANCZYKOWSKI,
                Plaintiff,
   v.

CITY OF LACKAWANNA
                Defendant.

**REPORT
and
RECOMMENDATION**
08-CV-720A(F)

APPEARANCES:      RICHARD H. WYSSLING, ESQ.
                           Attorney for Plaintiff
                           RICHARD H. WYSSLING, of Counsel
                           375 Linwood Ave
                           Buffalo, NY 14209

                           AUGELLO & MATTELIANO, LLP
                           Attorneys for Defendant
                           JOSEPH A. MATTELIANO, of Counsel
                           17 Court Street
                           Suite 200
                           Buffalo, NY 14202-3204

## JURISDICTION

This action was referred to the undersigned by Honorable Richard J. Arcara, on October 27, 2008, for pretrial matters including report and recommendation on dispositive motions (Doc. No. 6). The matter is presently before the court on Defendant's motion to dismiss for failure to prosecute (Doc. No. 33), filed on October 5, 2012.

## BACKGROUND and FACTS[1]

Plaintiffs Laverne Ware and Catherine Panczykowski ("Plaintiffs") commenced this civil rights action on September 26, 2008, alleging violations of both their First Amendment rights

---

[1] The facts are taken from the pleadings and motion papers filed in this action.

and New York Civil Service Law § 107, based on their termination from employment with Defendant City of Lackawanna ("the City" or "Defendant") in January of 2008 (Doc. No. 1). Additional Defendants to this action initially included Lackawanna elected officials and employees Mayor Norman L. Polanski Jr., Commissioner of Public Works Thomas N. Love, Lackawanna Council President Chuck Jaworski, City Councilmen Geoffrey M. Szymanski, Francis J. Kulczyk, Joseph J. Schiavi, and Lackawanna attorney Arcangelo J. Petricca (together, "the City Official Defendants"), all of whom Plaintiffs sued in their respective official capacities. Plaintiffs allege that the City terminated their employment as retaliation stemming from the Plaintiffs' support for political opponents of certain of the City Official Defendants. Defendants' answer (Doc. No. 3) was filed on October 20, 2008.

Also filed on October 20, 2008, was Defendants' motion (Doc. No. 4) seeking dismissal of the Complaint for failure to state a claim against the City Official Defendants. Plaintiffs never responded to this motion. On October 21, 2009, the motion was granted dismissing the City Official Defendants, leaving the City as sole remaining defendant (Doc. No. 12).

On October 5, 2012, the City filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 41(b) ("Defendant's motion") (Document No. 33). Defendant's motion is supported by the Affidavit of Joseph A. Matteliano, Esq. ("Matteliano") in support of Defendant's motion to Dismiss (Doc. No. 34) ("Matteliano Affidavit"), and the Memorandum of Law in Support of Defendant's motion to Dismiss (Doc. No. 31) ("Defendant's Memorandum"). In support of the Defendant's motion, Matteliano averred that as of October 5, 2012, 14 months have elapsed with no action by Plaintiffs in this matter. Matteliano Affidavit, ¶ 17. Further, all of the deadlines set by the Court in the First Amended Scheduling Order filed April 7, 2011 (Doc. No. 29) ("Amended Scheduling Order"), have passed. Id. By Text Order filed on September 21, 2012

(Doc. No. 30) ("September 21, 2012 Order"), Plaintiffs were ordered to file by October 22, 2012, an affidavit explaining in detail why this case should not be dismissed for failure to prosecute. To date, Plaintiffs have not filed any response in opposition to Defendant's motion. Oral argument was deemed unnecessary.

Based on the following, Defendant's motion to dismiss for failure to prosecute (Doc. No. 33) should be GRANTED.

## **DISCUSSION**

Defendant seeks to dismiss the instant action pursuant to Fed. R. Civ. P. 41(b) ("Rule 41(b)") based on Plaintiffs' failure to prosecute. As stated, to date, Plaintiffs have filed no response to Defendant's motion, nor the September 21, 2012 Order. Consequently, the record sufficiently supports the dismissal of this action pursuant to Rule 41(b) for failing to prosecute.

As relevant, the Federal Rules of Civil Procedure provide that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under [this] subdivision . . . operates as an adjudication on the merits.

Rule 41(b).

Although Rule 41(b) does not define what constitutes a "failure to prosecute," the Second Circuit has stated that such failure "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Whether to grant a motion seeking dismissal under Rule 41(b) "is a matter committed to the discretion of the district court." *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962)). *See Lyell Theatre Corp.*, 682 F.2d at 42-43 ("the scope of review of an order of dismissal is confined

solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion."). Nevertheless, dismissal is "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).

In determining whether dismissal for failure to prosecute is warranted, the court considers the following factors, none of which generally is dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the plaintiff's due process rights; and (5) whether lesser sanctions are appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Nita v. Connecticut Dep't. of Envtl. Prot.*, 16 F.3d 482, 487 (2d Cir. 1994). In the instant case, consideration of these five factors supports dismissal of the action.

As to the duration of Plaintiffs' failure to prosecute, the docket establishes that the Plaintiffs have failed to comply with orders of the Court which have, as a result, resulted in delay of significant durations. On April 7, 2011, this Court, in amending the original scheduling order, ordered that all discovery be completed by August 19, 2011, and all dispositive motions filed by October 14, 2011. (Doc. No. 29). Since June 24, 2011, Plaintiffs have not contacted Defendant nor cooperated by responding to Defendant's requests for deposition date confirmations. Matteliano Affidavit ¶¶ 15-17. As a result, both the discovery deadline of August 19, 2011, and the dispositive motion deadline of June 24, 2011, have passed. Nor did Plaintiffs file anything in response to the September 21, 2012 Order explaining in detail why this case should not be dismissed for failure to prosecute. To date, more than 20-months have passed without any action

by Plaintiffs to move this case forward. This length of time is comparable to, if not longer than, delays that have supported dismissals in other cases. *See Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666-68 (2d Cir.1980) (six-month delay); *accord Lyell Theatre Corp.*, 682 F.2d at 42-43 (noting that delays supporting dismissals have ranged from a matter of months to a period of years). The first factor thus weighs in favor of dismissal.

With regard to the second factor, a case may not be dismissed for failure to prosecute absent notice to the plaintiff of the potential dismissal for failure to respond to pending matters before the court. *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999). Here, this court specifically stated in its Amended Scheduling Order that "[c]ounsel's attention is directed to FED.R.CIV.P. 16(f) calling for sanctions in the event of failure to comply with any direction of this court." Amended Scheduling Order, at 2. FED.R.CIV.P. 16(f) authorizes, as a sanction under FED.R.CIV.P. 37(b)(2)(A)(v), dismissing the action or proceeding in whole or in part for failing to obey a scheduling order. FED. R. CIV. P. 16(f)(1)(c). Such warnings within a court's order have been held to provide adequate notice for dismissal. *See*, *Shannon*, 186 F.3d at 194-95 (affirming that district court's notice advising plaintiff case could be dismissed for failure to respond was ample). Therefore, based on Plaintiffs failure to comply with the September 21, 2012 Order requiring that Plaintiffs file an affidavit explaining in detail why this case should not be dismissed for failure to prosecute, Plaintiffs have received proper notice as to the possible consequences of such failure to comply and, thus, the second factor also weighs in favor of dismissal.

The third factor requiring that Plaintiffs' inaction prejudice the defendant also weighs in favor of dismissal. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is

proportionately greater." *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted). The record in the instant case adequately demonstrates that Defendant has shown actual prejudice by Plaintiffs' continued inaction.

Plaintiffs' cause of action relies heavily on verbal statements allegedly made by individuals who were employed by the City in 2008. Complaint, ¶¶ 32-41. According to Defendant, because the action commenced over four years ago, none of the relevant individuals to the initial suit is in the same position held when this litigation began and many of the individuals no longer are employed by the City. Defendant's Memorandum at 4. Nor have Plaintiffs disputed Defendant's averment that Plaintiffs have yet to cooperate with Defendant's June 24, 2011, request to schedule depositions. Matteliano Affidavit ¶¶ 15-17. As a result, it is facially apparent from the record that Plaintiffs significant delay has threatened the probability that potential witnesses will accurately recall relevant information. Thus, in addition to the presumed prejudiced established by *Lyell Theatre*, the record establishes that Defendant suffered prejudice given the substantial delay such that the alleged events on which Plaintiff's claims are based are more remote. As such, the third factor weighs in favor of dismissal.

The fourth factor requires the court weigh considerations of the court's calendar congestion with Plaintiff's due process right to present his case. *Norden Sys., Inc.*, 375 F.3d at 257. Where an action is dismissed based on the plaintiff's own failure to litigate his case, however, there is no denial of due process. *See Dodson v. Runyon*, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making.").

Here, the complete absence of any action by Plaintiffs to move this case along, including the failure to provide any responses to Defendants' discovery demands which are now

outstanding more than 20-months despite issuance of a court order more than five months ago directing Plaintiff to respond, more than adequately establishes that this case serves as nothing more than to congest the court's docket and divert the court's attention from other matters. The fourth factor thus also weighs in favor of dismissal.

Finally, because the dismissal of an action is "a harsh remedy to be utilized only in extreme situations," *Harding*, 707 F.2d at 50, the court is required to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *Norden Sys., Inc.*, 375 F.3d at 257 ("we must consider whether lesser sanctions would have been sufficient to remedy any prejudice resulting from the plaintiff's delay"). In the instant case, the record establishes that Plaintiff has demonstrated no interest in pursuing this matter amounting to virtual abandonment given the fact that Plaintiff has repeatedly, and without any explanation, ignored court-ordered discovery and has otherwise failed to appear in this action or to communicate with Defendant's counsel. Taken as a whole, Plaintiff's past derelictions support a finding that if the action is not dismissed, Plaintiff is unlikely to prosecute the matter in the future with any more diligence than was forthcoming from Plaintiff in the past.

On this record, the court finds no lesser sanction can remedy the prejudice to Defendant and, thus, the fifth factor weighs in favor of dismissal.

## **CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss for failure to prosecute (Doc. No. 33) should be GRANTED.

Respectfully submitted,
/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     March 5, 2013
           Buffalo, New York

7

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  March 5, 2013
            Buffalo, New York